STATE OF NORTH CAROLINA EX. REL., COMMISSIONER OF IN-
SURANCE v. NORTH CAROLINA AUTOMOBILE RATE ADMIN-
ISTRATIVE OFFICE, NATIONWIDE MUTUAL INSURANCE
COMPANY, STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY, ALLSTATE INSURANCE COMPANY, THE AETNA
CASUALTY AND SURETY COMPANY, THE TRAVELERS IN-
DEMNITY COMPANY, HARTFORD ACCIDENT AND INDEMNITY
COMPANY, LUMBERMEN'S MUTUAL CASUALTY COMPANY,
LIBERTY MUTUAL INSURANCE COMPANY, MARYLAND CAS-
UALTY COMPANY, THE SHELBY MUTUAL INSURANCE COM-
PANY, AMERICAN MOTORISTS INSURANCE COMPANY, AND
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY

No. 7510INS974

(Filed 7 April 1976)

Insurance § 79.1— automobile liability rate filing — disapproval without
hearing

The Commissioner of Insurance had no authority to disapprove
an automobile liability insurance rate filing without first conducting
a public hearing. G.S. 58-27.2.

APPEAL by North Carolina Automobile Rate Administrative Office and certain member companies from an order of the Commissioner of Insurance dated 25 September 1975. Heard in the Court of Appeals 16 March 1976.

On 1 July 1975 defendant, Rate Office, filed with the Commissioner of Insurance a proposal for a 15.9% increase in premium rates for automobile liability insurance. The filing was accompanied by supporting statistical exhibits. On 25 September 1975 the Commissioner issued an order providing that the filing was "disapproved" and that a public hearing on the filing would be held on 30 October 1975. Defendants appealed from the Commissioner's order.

*Attorney General Edmisten by Assistant Attorney Isham B. Hudson, Jr., and Hunter and Wharton by V. Lane Wharton, Jr., and John V. Hunter III, for plaintiff appellee.*

*Allen, Steed and Pullen by Arch T. Allen and Thomas W. Steed, Jr.; Broughton, Broughton, McConnell and Boxley by J. Melville Broughton, Jr.; Manning, Fulton and Skinner by Howard E. Manning; and Young, Moore and Henderson by Charles H. Young, Jr., for defendant appellants.*

HEDRICK, Judge.

G.S. 58-27.2 provides in pertinent part:

"Whenever any statuory or licensed insurance rating bureau . . . making its own rate filings makes any proposal to revise an existing rating schedule, the effect of which is to increase or decrease the charge for insurance . . . and such rating schedules are subject to the approval of the Commissioner, such bureau . . . shall file its proposed change and supporting data with the Commissioner who shall thereafter, before acting upon any such proposal, order a public hearing thereon . . . . "

The record before us demonstrates that the Commissioner of Insurance did not "order a public hearing" before taking action disapproving the "filing" of 1 July 1975. The Commissioner had no authority to disapprove the proposed rates without conducting a public hearing. The order appealed from is vacated and the cause is remanded to the Commissioner for further proceedings as by law required.

Vacated and remanded.

Judges MORRIS and ARNOLD concur.